RUIZ, DEMANDANTE Y APELANTE, *v.* GONZÁLEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en procedimiento de *injunction.*

No. 2835.—Resuelto en marzo 6, 1923.

JURISDICCIÓN—MOCIÓN DE *Non Suit.*—Una cuestión de jurisdicción puede plantearse por medio de una moción de *non suit.*

*Injunction* PARA RECOBRAR LA POSESIÓN — JURISDICCIÓN EN PROCEDIMIENTOS DE *Injunction.*—La jurisdicción para conocer del procedimiento de *injunction* para recobrar la posesión, autorizado por la ley especial núm. 43 de 1913, enmendada por la núm. 11 de 1917, corresponde siempre a las cortes de distrito, por lo que no es necesario alegar que el valor de la propiedad objeto del procedimiento excede de $500.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. V. M.* y *J. A. Fernández.*

Abogado del apelado: *Sr. H. R. Francis.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Alegando ser dueño de una finca de 57 cuerdas y haber sido privado violentamente de la posesión de una·porción de la misma por el demandado, hacía menos de un año, el demandante inició este pleito sobre *"injunction* para recobrar la posesión."

El demandado excepcionó y contestó la·demanda. Fué el pleito a juicio. Practicada la prueba del demandante, ocurrió, según el récord, lo que sigue:

"Ddo.—Pido la desestimación del caso por los siguientes motivos: Primero, que no consta ni de las alegaciones ni de la prueba practicada que esta corte tiene jurisdicción en este caso, toda vez que es necesario demostrar claramente que la cuantía en controversia es de $500 o más, para que esta corte tenga jurisdicción. Este caso no es un caso por la ley especial de *injunction;* es por la ley especial de 1913 enmendada por la de 1917 que dice que la demanda será puesta de acuerdo con el Código de Enjuiciamiento Civil en cuanto a la forma, pero en cuanto a la cuantía en controversia esta corte podrá tomar jurisdicción si la cuantía envuelta es más de $500; de otro modo el *injunction* debe llevarse a la Corte Municipal. El segundo motivo es que en un caso de esta naturaleza, que hasta cierto punto tiene naturaleza sumaria, es necesario que la prueba sea clara y terminante. * * *

"Juez.—Eso sería cuestión de apreciación de la prueba, pero no materia de moción de *non suit.*

"Dte.—La jurisdicción de la corte quedó demostrada por la pregunta del demandado al testigo de que el valor de su finca es $3,000. También el hecho 4°. dice: (Lee).

"Luego de discutida la cuestión, la corte declaró con lugar la. moción de *non suit* por falta de jurisdicción, por entender que debe aparecer que el valor de la finca en litigio excede de $500. El abogado del demandante tomó excepción."

Dictada y registrada la sentencia desestimando la demanda, el demandante interpuso contra ella el presente recurso de apelación.

Sostiene el apelante, en primer término, que la corte erró porque no pudo plantearse ni resolverse una cuestión de jurisdicción por medio de una moción de *non suit.* No estamos conformes. Si realmente de la prueba practicada por el demandante se desprendía la falta de jurisdicción de la corte, pudo y debió desestimarse la demanda no ya a petición del demandado, sino por propia iniciativa de la corte.

En la otra cuestión que suscita, tiene razón el apelante. El valor del terreno no es determinante de jurisdicción en este caso. Es la clase de acción ejercitada la que confiere la jurisdicción en el mismo.

De acuerdo con la ley sobre *injunctions,* sólo pueden expedir dichos autos la Corte Suprema, o cualquier juez de la misma, para hacer efectiva su jurisdicción, bajo las reglas prescritas por la ley, y los jueces de las cortes de distrito. Véase la Comp. de 1911, sección 1355 y el caso de *Lowande* v. *García, et al.,* 12 D. P. R. 302

Es cierto que aquí se trata de un *injunction* autorizado por una ley especial,—la No. 43 de 1913, modificada por la No. 11 de 1917,—pero de los términos de dicha ley especial no se desprende en modo alguno que fuera la intención de la legislatura el que la cuantía de la propiedad envuelta determinara la jurisdicción. Cuando la legislatura quiso conferir a los jueces municipales poderes para expedir autos de *injunction,* lo hizo expresamente como en el caso de las tercerías. Véase la Comp. de 1911, p. 891.

La práctica general en Puerto Rico ha sido la de acudir a las cortes de distrito, cortes de jurisdicción general, en estos casos. Hemos examinado varias de nuestras decisiones sobre la materia, y en la mayor parte de ellas se trataba de pequeñas fajas de terreno cuyo valor aislado seguramente era menor de quinientos dólares. No se levantó cuestión alguna de jurisdicción. Debe hacerse constar que la parte apelada no archivó alegato escrito ni compareció al acto de la vista del recurso.

Procede revocar la sentencia recurrida y devolver el pleito para ulteriores procedimientos de acuerdo con la ley.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.